UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

ACE AMERICAN INSURANCE COMPANY

                              Plaintiff,

                                                          Civil Action No. <u>17-CV-6810</u>

        v.

SEWELL L. "HUNTER" FREY, JR., THE ESTATE OF
EDUARDO NUNEZ, THE ESTATE OF DANIELA ABREU,
TERESA HENRIQUEZ, ABEL GARCIA, RAYMOND
BAUTISTA, and THE ESTATE OF JOSE HENRIQUEZ,

                              Defendants.
-----------------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

        Plaintiff ACE American Insurance Company ("ACE"), by its attorneys, Nixon Peabody

LLP, as and for its Complaint for Declaratory and Relief, alleges as follows:

### THE NATURE OF THIS ACTION

        1.      This insurance coverage and declaratory judgment action arises out of claims

asserted against Sewell L. "Hunter" Frey, Jr., also sometimes referred to as "Hunter Fry" or

"Hunter Frye" (collectively "Frey") in three underlying actions, entitled *Estate of Daniela Abreu,*

*by Administratrix Teresa Henriquez, and Teresa Henriquez, individually v. The City of New*

*York, Civil Halmar International LLC, Elrac LLC, Enterprise Holdings, Inc., Ean Holdings,*

*LLC, Hunter Frye, and The Estate of Eduardo A. Nunez, by Administrator "John Doe,"* Index

No. 21278/13E, New York State Supreme Court, Bronx County (the "*Abreu* action"); *Abel*

*Garcia and Raymond Bautista v. The City of New York, CCA Civil Halmar International LLC,*

*Elrac LLC, Enterprise Holdings, Inc., EAN Holding, LLC, and Hunter Frye,* Index No.

21137/13, New York Supreme Court, Bronx County (the "*Garcia* action"); and *Irving*

*Henriquez, as proposed administrator of the Estate of Jose Henriquez v. The City of New York, CCA Civil Halmar International LLC, Elrac LLC, Enterprise Holdings, Inc., EAN Holdings, LLC, Hunter Frye, The Estate of Eduardo Nunez and Chrysler Group LLC*, Index No. 21483/13E, New York Supreme Court, Bronx County (the "*Henriquez* action," collectively with the *Abreu* action and the *Garcia* action, the "underlying actions").

2.      The underlying actions arise out of the same motor vehicle accident involving a vehicle (the "National rental car") rented to Frey by National Car Rental ("National"). Frey is a defendant in all of the underlying actions.

3.      The *Abreu* action was brought by the Estate of Daniela Abreu and Teresa Henriquez against Frey, the Estate of Eduardo Nunez (the driver of the National rental car), and a number of entities, including National's parent, Enterprise Holdings, Inc. ("Enterprise").

4.      The *Garcia* action was brought by Abel Garcia and Raymond Bautista against Frey, the Estate of Eduardo Nunez, and a number of entities, including Enterprise.

5.      The *Henriquez* action was brought by the Estate of Jose Henriquez against Frey, the Estate of Eduardo Nunez, and a number of entitles, including Enterprise.

6.      Upon information and belief, National provides its renters and authorized drivers with minimum liability coverage, as required by the New York Vehicle and Traffic Law, and National is defending Frey in the underlying actions pursuant to such coverage.

7.      In connection with his rental from National, Frey purchased from National Supplemental Liability Insurance provided by ACE. Such Supplemental Liability Insurance provides, among other things, coverage that is excess to the coverage provided to Frey by National.

8.      In this declaratory judgment action, ACE seeks a judicial declaration that it has no obligation to provide insurance coverage with respect to the underlying actions.  This declaratory judgment action is based upon the terms, conditions, provisions and exclusions of a contract of insurance issued by ACE (the "ACE insurance contract").   ACE contends that there is no coverage for the claims asserted in the underlying actions and on the grounds that, among other things, the allegations in the underlying actions do not fall within the insuring agreement of the ACE insurance contract and the allegations in the underlying actions are excluded from coverage under the express terms of the ACE insurance contract.

## JURISDICTION AND VENUE

9.      ACE files this action under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

10.     Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. §1332(a)(1).  The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000).

11.     There is complete diversity of citizenship between ACE and defendants Frey, Estate of Eduardo Nunez, Estate of Daniela Abreu, Teresa Henriquez, Abel Garcia, Raymond Bautista, and the Estate of Jose Henriquez.

12.     Venue in this District is proper under 28 U.S.C. § 1391(a) (1), (2), (3) and (c).

13.     An actual case and controversy of justiciable nature exists among the parties involving the rights and obligations of the parties under the insurance contract issued by ACE.

14.     ACE is, therefore, entitled to bring this action for declaratory relief in this Court.

**PARTIES**

15.     ACE is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.  ACE transacts business in the State of New York.

16.     Upon information and belief, Frey is a citizen of Maryland.

17.     Upon information and belief, Teresa Henriquez, Abel Garcia, and Raymond Bautista are citizens of New York.

18.     Upon information and belief, decedents Eduardo Nunez, Daniela Abreu and Jose Henriquez were citizens of New York.

**FACTS**

*Frey's rental of the National rental car and the National Licensee Rental Agreement Jacket*

19.     On or about January 28, 2012, Frey rented the National rental car from National for an eight day period.

20.     Frey's rental of the National rental car was subject to certain agreements (collectively the "rental agreement"), some of which were contained in the National Licensee Rental Agreement Jacket.

21.     Frey, as the "Renter," is the only authorized driver on his rental agreement with National, which was the "Owner" of the "Vehicle" as those terms were defined in the rental agreement.

22.     The National Licensee Rental Agreement Jacket defines "ADDITIONAL AUTHORIZED DRIVER(S)," or "AAD(s)" to mean "any individual, in addition to Renter, who is permitted by Owner, State law or separate agreement (i.e., Corporate, Tour, or Emerald Club) to operate the Vehicle.  This includes individuals identified on the Agreement as ADDITIONAL

AUTHORIZED DRIVER(S). All AADs must possess a valid driver's license and meet the minimum rental age."

23. The rental agreement does not list any individuals as "ADDITIONAL AUTHORIZED DRIVER(S)" or "AAD(s)."

24. The National Rental Agreement Jacket further contains the following provision:

4. Limits on Use and Termination of Right to Use:

a. Renter agrees to the following limits on use: (1) Vehicle shall not be driven by any person other than Renter, or AAD(s) without Owner's prior written consent. . . .

b. In the event of any violation of the terms on use or any other provision of this Agreement, Owner automatically and without any further notice to Renter or AAD(s), terminates their right to use Vehicle; Owner retains any other rights and remedies provided by law. . . .

*The ACE insurance contract*

25. ACE issued the ACE insurance contract, number SCA H08690698, with a policy period from August 1, 2011 through August 1, 2012, to Enterprise.

26. The ACE insurance contract only covers liability arising under New York State Rental Extended Protection Automobile Liability Coverage insurance provided in connection with rental car services sold under the Alamo and National brands of rental car services.

27. The ACE insurance contract is subject to all terms, conditions, provisions and exclusions, which are fully incorporated herein by reference.

28. Frey, as the renter of the National rental car, is claiming benefits under the ACE insurance contract in connection with the underlying actions.

*The accident and the underlying actions*

29.     The complaints in the underlying actions allege that on February 2, 2012, Daniela Abreu, Abel Garcia, Raymond Bautista and Jose Henriquez were passengers in the National rental car. The complaints also allege that the National rental car was being driven by Eduardo Nunez when the vehicle, traveling at excessive speed on the Major Deegan Expressway in Bronx County, New York, crashed into a concrete pillar (the "accident"). The complaints further allege that the accident caused multiple fatalities (the driver, two adult passengers and an unborn child), with the two surviving passengers sustaining injuries.

30.     Generally, the complaints in the underlying actions allege that the accident was caused by the negligence, carelessness and/or recklessness of Eduardo Nunez, who drove the National rental car at a very high rate of speed and lost control of the vehicle while operating it.

31.     The complaints in the underlying actions do not allege that Frey was operating or even present in the National rental car at the time of the accident. Rather, such complaints allege that National and/or Frey permitted Eduardo Nunez to operate the National rental car.

32.     Eduardo Nunez did not rent the National rental car from National and was not authorized by National to occupy or operate the rental vehicle.

33.     Upon information and belief, Frey did not provide consent or permission to Nunez to operate or use the National rental car at any time during the term of the rental.

34.     The underlying plaintiffs did not rent the National rental car from National and were not authorized by National to occupy or operate the rental vehicle.

35.     Upon information and belief, Frey did not give any of the passengers in the National rental car permission to operate or occupy the subject vehicle at any time during the term of the rental.

36.     Based on the terms, conditions, provisions and exclusions of the ACE insurance contract, ACE has no duty to defend or indemnify Frey, or any other party against the claims asserted in the underlying actions.  Therefore, ACE is entitled to a judicial declaration relieving it of any coverage obligation to Frey, or any other party with respect to the underlying actions.

37.     ACE has denied coverage for Frey with respect to the underlying actions.

## FIRST CAUSE OF ACTION

38.     ACE repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

39.     ACE is entitled to a declaration that there is no coverage obligation under the ACE insurance contract to defend and/or indemnify Frey and/or anyone in connection with the underlying actions, or any claims arising from underlying actions.  While expressly asserting and preserving all of the provisions in the ACE insurance contract by incorporating them herein, ACE is entitled to such relief for any and each of the following reasons:

a.      There is no coverage on the grounds and to the extent that the claims at issue do not fall within the insuring agreement or the coverage afforded by the ACE insurance contract.

b.      There is no coverage on the grounds and to the extent that the driver of the National Rental Car and the passengers were not named insureds and do not qualify as insureds under the ACE insurance contract.

c.      There is no coverage on the ground and to the extent that the Unauthorized Driver exclusion (Section III (H)(6) of the ACE insurance contract) applies.

d.      There is no coverage for the underlying actions under the ACE insurance contract on the ground and to the extent that there is other insurance, self-insurance, co-

insurance, contribution, indemnification, or other collateral sources of money for losses allegedly covered by the ACE insurance contract.

        e.      There is no coverage under the ACE insurance contract to the extent that ACE is entitled to an allocation between allegedly covered and uncovered claims, fees, expenses, costs and damages associated with the defense and indemnity of ACE with respect to the underlying actions.

        f.      There is no coverage under the ACE insurance contract to the extent that penalties and/or punitive sanctions are imposed against Frey, and/or to the extent that fines, penalties, exemplary, and/or punitive damages are assessed against Frey in connection with the underlying actions.

40.      Based upon the foregoing, ACE is entitled to a judicial declaration that it has no coverage obligation, defense or indemnity, under the ACE insurance contract with respect to any claims arising from underlying actions.

41.      Alternatively, ACE is entitled to an allocation between the uncovered and any covered sums, defense costs and fees, claims or damages with respect to the underlying actions.

**WHEREFORE,** plaintiff ACE prays for judgment:

1.      Declaring that ACE owes no coverage obligation, including any duty to defend or indemnify, to Frey and/or any other person for the underlying actions or, in the alternative, an allocation between the uncovered and any covered sums; and

2.      Awarding ACE such other and further relief as the Court may deem just and proper.

Dated: New York, New York
     September 7, 2017

**NIXON PEABODY LLP**

By: _Seth L. B_____

    Kurt Mullen, Esq.
    Seth L. Berman, Esq.

    50 Jericho Quadrangle, Suite 300
    Jericho, NY 11753
    (516) 832-7500

    *Attorneys for Plaintiff*
    *ACE American Insurance Company*